JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9699 PA (JPRx) | Date | January 8, 2015 |
|---|---|---|---|
| Title | Elizabeth Alcala v. Electronic Imaging Servs., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Electronic Imaging Services, Inc. d/b/a Vestcom Retail Solutions ("Defendant") on December 18, 2014. (Docket No. 1.) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Elizabeth Alcala ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9699 PA (JPRx) | Date | January 8, 2015 |
|---|---|---|---|
| Title | Elizabeth Alcala v. Electronic Imaging Servs., Inc., et al. | | |

Plaintiff's Complaint includes claims for (1) wrongful termination against public policy in violation of Cal. Const. Art. I § 8, Labor Code § 132(a), and Gov. Code § 12940 et seq.; (2) failure to engage in the interactive process in violation of Cal. Gov. Code § 12940 et seq.; (3) failure to provide reasonable accommodation in violation of Cal. Gov. Code § 12940 et seq.; and (4) sexual orientation discrimination in violation of Cal. Gov. Code § 12940 et seq. Plaintiff seeks relief in the form of (1) compensatory damages, (2) special damages, (3) general damages, (4) punitive and exemplary damages, (5) prejudgment interest, and (6) attorneys' fees and costs. Although Plaintiff filed a Civil Case Cover Sheet indicating that she seeks more than $25,000, the Complaint is otherwise silent as to the amount of damages Plaintiff seeks. It is not facially evident from the Complaint that more than $75,000 is in controversy. Therefore, it is incumbent on Defendant to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy is satisfied. Sanchez, 102 F.3d at 404.

Plaintiff's lost income falls far short of the $75,000 requirement. Defendant notes that Plaintiff earned taxable income of $21,937.87 for the 2013 tax year. Plaintiff's employment was terminated on or about December 4, 2013. The Court has no information regarding whether or not Plaintiff has found another job in the interim.

Defendant argues that at least a portion of the balance needed to reach $75,000 is supplied by potential general and punitive damages. Defendant notes that "jury verdicts in wrongful termination cases in California demonstrate that such claims alone bring the amount in controversy to well over the $75,000 jurisdictional threshold." Although Defendant is correct that "evidence of jury verdicts in cases involving analogous facts" may be considered to determine the potential value of a claim, Defendant makes no effort to analogize the facts of the instant case to those in the cases it cites. In Brown v. LNP Engineering Plastics, Inc., No. 760384, 1997 WL 828516 (Cal. Super. Ct. June 30, 1997), it was alleged that the defendant employer had a "fitness for duty" rule requiring all employees to be able to perform all job functions before returning to work—a per se violation of California law that is not alleged here. In Ismen v. Beverly Hosp., 36 Trials Digest 11th 5, 2008 WL 4056258 (Cal. Super. Aug. 13, 2008), the plaintiff prevailed not only on claims for disability discrimination and failure to provide reasonable accommodation, but also on a retaliation claim.

Finally, with respect to attorneys' fees, Defendant argues that the Court should consider the amount that can be expected to accrue "for the entirety of the litigation, not merely those already incurred by the time of removal." Although there is authority supporting this proposition, the Court notes a split of authority within the Ninth Circuit. See Reames v. AB Car Rental Servs., 899 F. Supp. 2d 1012, 1020 (D. Or. 2012) ("It appears that a nascent consensus may be emerging among the district courts of the Ninth Circuit that the split between the Conrad/Faulkner and the Simmons/Brady lines of cases may best be resolved by adoption of the Conrad/Faulkner reasoning that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes.") However, the Court need not enter this debate because Defendant has presented no evidence regarding attorneys' fees, either accrued or anticipated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9699 PA (JPRx) | Date | January 8, 2015 |
|---|---|---|---|
| Title | Elizabeth Alcala v. Electronic Imaging Servs., Inc., et al. | | |

     As the party seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  At this point, Defendant has failed to meet its burden to demonstrate the amount in controversy necessary to establish the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC561531.  See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.